# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

· TAMPA Division

### CIVIL RIGHTS COMPLAINT FORM

CASE NUMBER: 8:12-CV-288-T-33TGW
(To be supplied by Clerk's Office)

TERRY EUGENE SEARS

DC# B-083117

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

SECRETARY,

FLORIDA DEPARTMENT

OF CORRECTIONS, et al.,

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

2012 FEB -9  PM 12:0.

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FILED

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.     PLACE OF PRESENT CONFINEMENT: BLACKWATER RIVER CORR. FAC.
(Indicate the name and location)

5914 JEFF ATES ROAD, MILTON, FLORIDA 32583.

II.     DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

#350
TPA 9541

DC 225 (Rev. 9/03)        1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

     1.   Informal Grievance (Form DC3-005)
     2.   Formal Grievance (Form DC1-303)
     3.   Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1.   Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

    2.   If so, you must attach a copy of the grievance and response to this Complaint form.

    3.   Were you denied emergency status? Yes (✓) No ( )

         a.   If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

         b.   If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ✓ ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.    Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ✓ ) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ✓ ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.    Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ✓ ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _2 1st_ day of _DECEMBER_ , 2 0 11 .

_Jerry E. Acuis_
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (  ) No (✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes (✓) No (  )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes (✓) No (  )

C.   If your answer is YES:

1.   What steps did you take? I initiated the grievance procedures and did Appeal the denials, and disciplinary reports.

2.   What were the results? My grievances was denied and my requests for administrative remedy & appeal was denied.

3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses. [SEE: Attachment(s)].

D.   If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __21st__ day of __December__ , 2 0 11 .

Terry E. Sears
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): TERRY EUGENE SEARS

Defendant(s): (* Additional Attachment)

2.   Court (if federal court, name the district; if state court, name the county): U.S. District Courts (Northern & Southern); Panama City / Miami

3.   Docket Number: 5:02cv113, 5:02cv125, 5:02cv137, 5:02cv143, 5:02cv148, 5:02cv155, 5:02cv155, 5:02cv254, 5:02cv336, 5:02cv411, and 09-82314-cv-KAM.

4.   Name of judge: KENNETH A. MARRA. M. Casey Rodgers, Robert Hinkle, Miles Davis, SMN, and

5.   Briefly describe the facts and basis of the lawsuit: Property Interest, Denial of Due Process, Retaliation, Discrimination, Liberty Interest, Obstructing Access to Court, Inhumane Prison Conditions, and Excessive Force.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): (* Additional Attachment)

7.   Approximate filing date: 3-26-02, 3-27-02, 4-2-02, 6-12-02, 6-17-02, 6-26-02, 10-17-02, 2-14-05, 7-17-05, and 11-6-09.

8.   Approximate disposition date: (* Additional Attachment)

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

## ADDITIONAL ATTACHMENT

**IV. PREVIOUS LAWSUITS:**

**a. i Parties to previous lawsuits:**

Defendants: Jerry Robien, Henry Boyd, Robert Hollo, P. Barber, J. Slacick, B. Carr, L. Gates, Helen Moley, P. Lasater, Sgt. Reinier, J. Mendéns, W. Ramus, Lt. Taylor, Dan Nolan, Capt. Tipton, Roger Tindell, R. Davis, W. Williams, D. Gray, W. Whitehurst, T. Graham, J.S. Taylor, L. Kennerly, C. Grimes, Col. Pippen, J. Clark, P. Freehand, B. Johnson, J.D. Dorrance, Lt. Thompson, Sgt. Siples, Sgt. Whitman, Sgt. Hasler, Sgt. Strahan, Ofc. Walters, LisaMae Hawkins, Lois Chaligian, M. Henry, Lt. Simms, Sgt. Pass, Sgt. Bostic, Sgt. Warren, Sgt. Brown, Sgt. Meere, Linda Pitre, Adrian McCrae, S. Bostic,

**b. Dispositions:**

1) Dismissed as frivolous.
2) Dismissed as malicious.
3) Dismissed as frivolous.
4) Dismissed for failing to exhaust remedies.
5) Dismissed for failing to state claim.

6) Dismissed without prejudice.
7) Dismissed for want to prosecute.
8) Dismissed for want to prosecute.
9) Voluntary dismissal / settlement.
10) Still pending.

8. 6-11-02, 4-6-02, 5-8-03, 5-13-03, 3-13-03, 7-3-03, 8-19-04, 2-18-04, N/A, AND N/A.

D. 1) 02-14622; 2) 02-14628; 3) 02-15264; 4) 02-15265; 5) 02-16517; 6) 02-16519; 7) 03-15107-CC; 8) 03-13558-J.

$$\left[\begin{array}{l}\text{TERRY E. SEARS} \quad \text{vs.} \quad \text{MICHAEL W. MOORE, et al.;} \\ \text{TERRY E. SEARS} \quad \text{vs.} \quad \text{JAMES V. CROSBY, et al.,} \\ \text{TERRY E. SEARS} \quad \text{v.o.} \quad \text{WALTER A. McNEIL, et al.;}\end{array}\right]$$

1. Dismissed as frivolous.
2. Dismissed as malicious.
3. Dismissed for failure to exhaust remedy.
4. Dismissed as frivolous.

5. Dismissed for failure to state claim.
6. Dismissed without prejudice.
7. Dismissed for want to prosecute.
8. Dismissed for want to prosecute.

✳

IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY E. SEARS,
　　　　Plaintiff,

　　vs.

CASE NO. _____

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS, et al.,
　　　　Defendants,

## CIVIL RIGHTS COMPLAINT PERSUANT TO 42 U.S.C. § 1983

Plaintiff, TERRY SEARS, IN PRO SE, PERSUANT to 42 U.S.C. § 1983 hereby sues the above named Defendants in their official and individual capacity in violation of Plaintiffs First, Eighth, and Fourteenth Amendment Rights, and in support thereof would state the following:

## JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION PERSUANT TO 42 U.S.C. § 1983.

＊

_____

_____

_____

_____

_____

V.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff:  TERRY EUGENE SEARS

Mailing address:  BLACKWATER RIVER CORRECTIONAL FACILITY
5914 Jeff Ates Read, Milton, Florida 32583.

B.   Additional Plaintiffs:  N/A

_____

_____

In part C of this section, indicate the full name of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant:  Equardo Rivero

Mailing Address:  10800 Evans Read, Polk City, FL 33868

Position:  Assistant Warden of Operation.

Employed at:  Polk Correctional Institution

D.   Defendant:  Tina Roberts

Mailing Address:  10800 Evans Read, Polk City, FL 33868

Position:  Assistant Warden of Programs.

Employed at:  Polk Correctional Institution

DC 225 (Rev. 9/03)                    6

E.  Defendant: VERNIA ROBERTS

Mailing Address: 10800 EVANS ROAD, Polk City, FL 33868.

Position: Colonel

Employed at: Polk Correctional Institution

F.  Defendant: F. DEXTER

Mailing Address: 10800 EVANS ROAD, Polk City, FL 33868.

Position: Captain

Employed at: Polk Correctional Institution

G.  Defendant: Captain ROSSER

Mailing Address: 10800 EVANS ROAD, Polk City, FL 33868.

Position: Captain

Employed at: Polk Correctional Institution

## ADDITIONAL ATTACHMENT

**V. H.** DEFENDANT: RANDALL C. NUNLEY
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: CAPTAIN
EMPLOYED AT: POLK CORR. INST.

**I.** DEFENDANT: HARRISON W. TURNER
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: CAPTAIN
EMPLOYED AT: POLK CORR. INST.

**J.** DEFENDANT: J. HART
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: LIEUTENANT
EMPLOYED AT: POLK CORR. INST.

**K.** DEFENDANT: JOHNNY SIMMONS
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: LIEUTENANT
EMPLOYED AT: POLK CORR. INST.

**L.** DEFENDANT: DAVID PRINCE
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: SERGEANT
EMPLOYED AT: POLK CORR. INST.

**M.** DEFENDANT: DENISE GRAHAM
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: SERGEANT
EMPLOYED AT: POLK CORR. INST.

**N.** DEFENDANT: SERGEANT COOPER
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: SERGEANT
EMPLOYED AT: POLK CORR. INST.

**O.** DEFENDANT: SERGEANT CLARK
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: SERGEANT
EMPLOYED AT: POLK CORR. INST.

**P.** DEFENDANT: F. KHAN - PRASNAUTH
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: CLASSIFICATION OFFICER
EMPLOYED AT: POLK CORR. INST.

**Q.** DEFENDANT: PETER HERBERT
MAILING ADDRESS: 10800 EVANS ROAD,
POLK CITY, FL 33868
POSITION: CLASSIFICATION OFFICER
EMPLOYED AT: POLK CORR. INST.

✳

ADDITIONAL ATTACHMENT

V. R. Defendant: Douglas J. Parrish
      Mailing Address: 10800 Evans Road,
      Polk City, FL 33868
      Position: Classification Officer
      Employed at: Polk Corr. Inst.

   S. Defendant: R. Dees
      Mailing Address: 10800 Evans Road,
      Polk City, FL 33868
      Position: Officer
      Employed at: Polk Corr. Inst.

   T. Defendant: D. Smith
      Mailing Address: 10800 Evans Road,
      Polk City, FL 33868
      Position: Officer
      Employed at: Polk Corr. Inst.

   U. Defendant: S. Plough
      Mailing Address: 10800 Evans Road,
      Polk City, FL 33868
      Position: Officer
      Employed at: Polk Corr. Inst.

VI.   <u>STATEMENT OF CLAIM</u>:  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

**1** Plaintiff's 1st Amendment rights was intentionally violated when he was denied the right to petition the government for redress of grievances; the right to free expression; the right to be free of retaliation; and the right to access the courts. **2.** Plaintiff's 1st Amendment rights was violated when he was punished by prison officials for filing administrative grievances on staff.

(SEE: ATTACHMENT)

VII.  <u>STATEMENT OF FACTS</u>:  State as briefly as possible the FACTS of your case.  Describe how each defendant was involved.  <u>**Do not make any legal arguments or cite any cases or statutes.**</u>  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

( * Officer R. Dees has a reputation as a "loose canon" – an official who is ruthless with misconduct; and has a history of racial bigotry at Polk Correctional Institution and systematically abuses his authority and files bogus disciplinary reports to punish inmates.)

On November 15, 2009, at 10:15 am, Officer R. Dees conducted a search of my assigned room [G1-12C] for the third time that week... "I filed a grievance on Officer R. Dees for confiscating my refurbished mattress" At 12:44 pm, I observed Officer R. Dees upstairs, on the second-tier, crawling on his knees and –

( SEE Attachment)

## ATTACHMENT

## STATEMENT OF CLAIM, continued

**VI.** 3. Plaintiffs 1st Amendment Rights was intentionally violated when he was sprayed with two(2) cans of chemical agents and physically assaulted by prison officials for filing grievances.

4. Plaintiffs 8th Amendment Rights was violated under the cruel and unusual Punishment Clause when prison officials maliciously and sadistically used excessive physically force against plaintiff by spraying two(2) cans (MK9 canisters) of chemical agents on him while he was handcuffed and shackled.

5. Plaintiffs 8th Amendment Rights was violated under cruel and unusual Punishment Clause when prison officials applied unnecessary and wanton infliction of pain on him by administering excessive physical force while he was handcuffed and shackled.

6. Plaintiffs 8th Amendment Rights was violated under the Deliberate Indifference Clause when supervisory officials intentionally failed to intervene during inmate abuse/misconduct where prison officials were physically assaulting inmate.

7. Plaintiffs 8th Amendment Rights was intentionally and maliciously violated under the Deliberate Indifference Clause when supervisory officials failed to control their subordinate and correct an egregious wrong after learning of the violation.

8. Plaintiffs 14th Amendment Rights was intentionally violated under the Equal Protection Clause when prison officials conspired together, and acted in agreement to cause harm, inflict punishment, and arbitrarily referred him for close-management.

ii

# ATTACHMENT

STATEMENT OF CLAIM, continued:

**VI. 9.** Plaintiff's **14th** Amendment Rights was maliciously and sadistically violated when prison officials created a liberty interest in his bodily integrity by physically assaulting him with justification.

**10.** Plaintiff's **14th** Amendment Rights was violated when he was denied Procedural and Substantive Due Process when prison officials failed to investigate the disciplinary Reports; Record his statement; interview his witnesses; and document the videotaped footage as evidence on his behalf.

**11.** Plaintiff's **14th** Amendment Rights was violated when prison officials systematically retaliated against him and created a liberty interest by arbitrarily placing him in disciplinary confinement and close-management status.

Statement of Facts, continued:

peeping in the room, downstairs, at me." "I asked Officer Dees why is he harassing me?" And I advised this officer that I will be filing another grievance on him for arbitrarily targetting me and harassing me. Officer R. Dees called me to the Officers Station inside G-dormitory and told me to turn around to be handcuffed... I requested to see Sergeant Cooper and he endorsed Officer Dees' misconduct. Once I was handcuffed, Officer Dees yelled obscenities at me and told me he dont give a fuck about my grievances; but he will, personally, make my stay at Polk C.I. a living hell.

When I arrived at the Captain's Office, Officer R. Dees told Captain Rosser to lock his black ass up for disturbing the dormitory... Office Dees told Captain Rosser that I was yelling, "I'm tired of you harassing me." "I'm tired of your shit... and I dont give a fuck about confinement: we can do this all day, I dont give a fuck!" And I explained to Captain Rosser that Officer Dees was exaggerating and is retaliating against me because I have filed grievances on him. Captain Rosser placed me in administrative confinement and authorized for Officer Dees to file a disciplinary report for 4-17 Disorderly Conduct against me. On November 14, 2009, at 2:10 p.m, I went to the Disciplinary Hearing and explained to Team Chairman: F. Khan-Prasnauth and Team Member Captain,

# ATTACHMENT

## VII. STATEMENT OF FACTS, continued:

Randall C. Nunley have Officer R. Dees has retaliated against me and filed this false disciplinary report to punish me... because I have filed several grievances on him. And I was found guilty based on Officer R. Dees statement and placed in disciplinary confinement for thirty(30) days and sixty(60) days loss of gain-time.

On or about December 12, 2009, I was released from disciplinary confinement and assigned back to G-dormitory by Sergeant Cooper.

I requested to be re-assigned to E-dormitory because I was having problems with Officer, R. Dees retaliating against me. But Sergeant Cooper claimed no rooms were available in E-dormitory, when in fact, three(3) rooms was available.

While assigned to G-dormitory, Officer, R. Dees continued to harass me by constant room searches, bodily searches, and mean locks. I informed Sergeant Cooper and asked him to intervene; and he told me to stop filling all those grievances on the man!

On February 9, 2010, Captain, F. Dexter called me to the Captains office about a grievance that I filed against Officer R. Dees where he called me "A NIGGER, A COON, and A black piece of shit? Captain, F. Dexter tried to get me to dispose of this particular grievance but I refused; and she disposed of my grievance!

I complained to Captain, F. Dexter on three(3) separate occasions [February 26, 2010; March 2, 2010; March 5, 2010] and submitted several Inmate Request (DCV-236) to Lieutenant, J. Hart for a dormitory

iii

## ATTACHMENT

CHANGE ... AND LIEUTENANT HART NEVER RESPONDED TO MY INMATE REQUESTS.

On MARCH 18, 2010, AT 10:28ᵃᵐ, Officer R. DEES TRIED TO MAKE CONVER-SATION WITH ME AND I IGNORED HIM. SO HE WANTED TO PAT-DOWN SEARCH ME... I CALLED SERGEANT COOPER WHO WAS PRESENT AND ASKED HIM TO SEARCH ME BECAUSE Officer R. DEES MAY PLANT CONTRABAND ON ME OR FABRICATE ANOTHER disciplinary REPORT AGAINST ME. AND SERGEANT COOPER REFUSED TO pat-down SEARCH ME AS IF TO INSTIGATE THE RETALIATION.

As I EXITED G-DORMITORY, Officer, R. DEES GRABBED MY LEFT SHOULDER WITH MY SHIRT CLENCHED IN HIS FIST. IMMEDIATELY, I SNATCHED AWAY AND TOLD Officer DEES NOT TO PUT HIS HANDS ON ME. Officer DEES GRABBED ME AND STATED, " **I'm GONNA TAKE you down ... AND you CAN WRITE that in A GRIEVANCE** ?" AND SERGEANT COOPER ORDERED Officer DEES TO RELEASE ME.

I, TERRY SEARS, WENT TO THE COLONEL'S OFFICE AND WAS TOLD BY COLONEL, V. Roberts THAT I NEED A PASS TO SEE HER. " I TOLD COLONEL Roberts THAT I WAS ASSAULTED BY Officer, R. DEES; AND SHE TOLD ME TO GET OUT OF HER OFFICE" I SEEN CAPTAIN, F. DEXTER EXITING G-DORMITORY CARRYING A VIDEO-CAMERA, SO I BEGAN EXPLAINING HOW Officer DEES GRABBED ME AND SERGEANT COOPER HAD TO MAKE HIM RELEASE ME! I COMPLAINED ABOUT HOW SUPERVISORY OFFICIALS ARE CONDONING THE MISCONDUCT, HARASSMENT, AND RETALIATION OF THIS OFFICER ...

RECREATION OFFICERS: D. SMITH AND S. PLOUGH CAME AND TRIED TO HANDCUFF ME, AND I REFUSED TO ALLOW MYSELF TO BE HANDCUFFED. THEY INFORMED CAPTAIN DEXTER OF A CALL PLACED BY OFFICER, R. DEES AND I EXPLAINED TO CAPTAIN DEXTER THAT

iii

## ATTACHMENT

Officer Dees is systematically retaliating against me and is getting other prison officials involved with his official misconduct.

As I was talking to Captain, F. Dexter, Sergeant, David Prince came and sprayed chemical agents in my face. And officers: D. Smith and S. Ploegh slammed me to the ground and handcuffed me behind my back. Officer, D. Smith punched me in the back of my head and on the side of my face. Officer, S. Ploegh struck me several times with the point of his elbow in my back and grabbed me around my neck with both hands, choking me. "I yelled, I can't breathe but he continued to choke me..." Sergeant, David Prince continued to spray chemical agents on me (in my head, face, ears, etc.).

Officer, D. Smith stood on my right leg as he was putting shackles around my ankles. At this time, I am handcuffed and shackled, and I am being physically assaulted by prison officials acting under the color of state law! Officer, S. Ploegh commenced to punching me in the ribcage several times and kicked me in the back.

Officer, D. Smith yelled obscenities at me and held my head in the dirt, face down. And Captain, F. Dexter was present from the very beginning and never tried to stop the physical abuse... For approximately sixteen (16) minutes, I was maced with chemical agents and was physically assaulted, while handcuffed behind my back and shackled; and Captain Dexter stood by and watched.

Captain, F. Dexter intentionally failed to videotape the use

iii

## ATTACHMENT

of force and abuse. When I was raised to my feet, Sergeant D. Prince used a second MK4 canister to spray chemical agents in my face at point-blank range. I observed Colonel, J. Roberts and Lieutenant, J. Hart watching this incident from the corridors leading to the visiting park ...

Officers: S. Plough and D. Smith escorted me to the Medical Building through a REAR door, and Colonel Roberts and Lieutenant Hart followed. As Sergeant, D. Prince unlocked the REAR door to the Medical Building, he turned towards me and sucker-punched me in the jaw (Right side). I was dazed by the blow and nearly unconscious. Officer, D. Smith slapped me, twice, and asked if I was alright? Sergeant D. Prince kicked me in the buttocks real hard and stepped on my legs when I fell to the floor. "I yelled for the Colonel and tried to hide my face to ward-off the punches and kicks by these named prison officials."

Several unknown medical technicians / nurses did witness some or all of the inmate abuse that took place inside the medical building. I was placed in the shower, fully dressed, to be decontaminated ... And Administrative Confinement, Sergeant Clark took my clothes and gray sweatshirt and said, "it was placed in my property along with my Koss headphones."

[ NOTE: my Koss headphones (S/R 100) that I was carrying was damaged / broken and my gray sweatshirt was misplaced! ]

While in the shower, naked, Colonel Roberts came inside the confinement unit and started taking pictures of me, naked, with a camera - phone...

iii

## ATTACHMENT

As a result of the physical abuse, I sustained a black-eye, knots in my head, skinned both knees, a knot of bruised blood under my right knee, lingering blurred-vision, blisters around my mouth, nose, and ears, abrasions, minor scratches, swollen wrists / ankles, pain in ribcage / abdomen, a busted lip, swollen face, broken clamps on partial dental plate, bruises, burning sensation in the face, on my skin, (in eyes, ears, nose), and a sore jaw.

On March 18, 2010, at 1:42 pm, after being denied medical treatment for two and a half (2½) hours, I declared a "psychological emergency" and did threatened to commit suicide. I was placed in an isolation cell [H2101]. I remained in isolation for a week. [March 18, 2010 - to - March 25, 2010]

On March 30, 2010, at 11:20 am, I went to the Disciplinary Hearing for the bogus offense of 1-15 Battery or Attempted Battery on a Correctional Officer filed by Sergeant, D. Prince. I explained to the Disciplinary Team how Officer, R. Dees has systematically sought to retaliate against me and networked with 'buddy prison officials' to punish me for filing grievances on him and provided evidence and witnesses. And Team Chairman: Peter Herbert and Team Member: Captain, Harriton W. Turner found me guilty based on Sergeant, D. Prince's statement. I was placed in disciplinary confinement for sixty (60) days and recommended for Close - Management status.

On April 1, 2010, at 3:00 pm, I was found guilty by Team Chairman: Douglas J. Parrish and Team Member: Lieutenant Johnny Sirmons based on Officer, R. Dees statement for 6-1 disobeying a verbal order. I explained to the Disciplinary Team that Officer, R. Dees is retaliating against me for filing grievances on him.

iii

<u>ATTACHMENT</u>

And I was placed in disciplinary confinement for thirty (30) days and sixty (60) days lose of gain-time for exercising my rights.

Supervisory Officials failed to control their subordinate and correct egregious wrongs ... My administrative grievances and my disciplinary reports were erroneously denied by the Asst. Wardens: Mr. Eduardo Rivero and Ms. Tina Roberts.

On April 16, 2010, Mr. Eduardo Rivero, Ms. Tina Roberts, Colonel V. Roberts held the hearing to determine if close-management is warranted and argued the offense of 1-15 Battery or Attempted Battery on a Correctional Officer constitutes a mandatory referral for close-management status. I explained that these charges are the result of retaliation and false disciplinary reports to inflict punishment on me. And Colonel V. Roberts argued that I do not respect authority... And this Institutional Classification Team recommended that I be placed on Close-Management I status.

On or about April, 2010, Sergeant, Denise Graham maliciously failed to returned my Koss headphones (S/R 100) that was documented and engraved prior to arriving at Polk Correctional Institution; and my gray (4X) sweatshirt was also misplaced.

On April 25, 2010, I arrived at Charlotte Correctional Institution and my Koss headphones (S/R 100) was replaced with Sony earbuds and the gray sweatshirt was missing. I initiated the grievance process and Sergeant D. Graham denied my grievance(s) arguing I never had the Koss (S/R 100) headphones and gray sweatshirt...

## <u>ATTACHMENT</u>

Sergeant, David Prince maliciously filed his false disciplinary report to conceal the inmate abuse and official misconduct; and achieve a close-management referral. "I never assaulted or attempted to assault a correctional officer..."

Wherefore, I am demanding a trial by jury in this complaint; and I am requesting that the United States Marshal Services be ordered and directed to effectuate service of process upon the named defendants in this case.

Supervisory Officials intentionally failed to video and document the use of force incident to conceal their illicit misconduct. Prison Officials acting under the color of state law, physically assaulted an inmate while he was already restrained (handcuffed & shackled) constitutes abuse on its face...

I, Terry Sears, seek state tort claim for brutility against the named defendants, and compensatory and punitive damages from each named defendant in his/her official and individual capacity for their role in the clear constitutional violations.

/s/ Terry E. Sears
Terry E Sears # B-63347
Blackwater River Corr. Fac.
5914 Jeff Ates Road
Milton, FL 32583

iii

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

Wherefore, the plaintiff prays this Honorable Court apply all Federal Rules, Statutes, and Civil Procedures for plaintiff to obtain compensatory / punitive damages from each named defendant(s) in his/her official and individual capacity as stated in the complaint: And attorney fees, filing fees, mailing expenses, service expenses, and court costs be charged to defendant(s) along with any other relief deemed just and proper.

(SEE: ATTACHMENT)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __21st__ day of __December__ , 2 __011__ .

Jerry E. Sears
Blackwater River Corr. Fac.
5914 Jeff Ates Road
Milton, FL 32583

(Signatures of all Plaintiffs)

10

DC 225 (Rev. 9/03)

ATTACHMENT

VIII. RELIEF REQUESTED:

1. Eguardo Rivero compensatory damages $12,000.00; punitive damages $15,000.00.

2. Tina Roberts compensatory damages $12,000.00; punitive damages $15,000.00.

3. Vernia Roberts compensatory damages $15,000.00; punitive damages $24,000.00.

4. F. Dexter compensatory damages $10,000.00; punitive damages $37,000.00.

5. Captain Roser compensatory damages $5,000.00; punitive damages $8,000.00.

6. Randall C. Nunley compensatory damages $8,000.00; punitive damages $10,000.00.

7. Harriten W. Turner compensatory damages $8,000.00; punitive damages $10,000.00.

8. J. Hart compensatory damages $12,000.00; punitive damages $24,000.00.

9. Johnny Sirmons compensatory damages $8,000.00; punitive damages $10,000.00.

10. David Prince compensatory damages $27,000.00; punitive damages $57,000.00.

11. Denise Graham compensatory damages $2,000.00; punitive damages $3,000.00.

12. Sergeant Cooper compensatory damages $6,000.00; punitive damages $8,000.00.

13. Sergeant Clark compensatory damages $3,000.00; punitive damages $4,000.00.

14. F. Khan - Prasnauth compensatory damages $8,000.00; punitive damages $10,000.00.

15. Peter Herbert compensatory damages $8,000.00; punitive damages $10,000.00.

16. Douglas J. Parrish compensatory damages $8,000.00; punitive damages $10,000.00.

17. R. Dees compensatory damages $37,000.00; punitive damages $60,000.00.

18. D. Smith compensatory damages $27,000.00; punitive damages $42,000.00.

19. S Ploigh compensatory damages $27,000.00; punitive damages $42,000.00

# ATTACHMENT INDEX

\* Disciplinary Reports . . . . . . . . . ⬤

\* Administrative Grievances . . . . . . . ◼

```
ISSO150 (01)
```
                    FLORIDA DEPARTMENT OF CORRECTIONS        03/20/2010
                      CHARGING DISCIPLINARY REPORT                        PAGE:      1
                         LOG # 580-100112
----------------------------------------------------------------
DC#: 083117    INMATE NAME: SEARS, TERRY E.          INFRACTION
VIOLATION CODE:  0115    TITLE: BATTERY/ATT/CO        DATE: 03/18/10
FACILITY CODE:  580    NAME:  POLK C.I.               TIME: 11:15
----------------------------------------------------------------
I.    STATEMENT OF FACTS
         ON 3/18/2010, AT ABOUT 11:15 AM, I, SGT. D. PRINCE SAW
      INMATE SEARS, TERRY DC# 083117 YELLING AT CPT. DEXTER ON THE
      SIDEWALK BETWEEN FOOD SERVICE AND MULTI-PURPOSE. CPT.
      DEXTER WAS ORDERING SEARS TO "TURN AROUND AND CUFF UP" SEARS
      REFUSED. C/O S. PLOUGH AND C/O D. SMITH ATTEMPTED TO PLACE
      SEAR'S ARMS BEHIND HIS BACK. SEARS JERKED AWAY FROM THEM. I
      REMOVED MY CHEMICAL AGENT FROM MY BELT AND ORDERED SEARS TO
      PLACE HIS HANDS BEHIND HIS BACK FOR HAND CUFFING AND I
      ADVISED SEARS THAT I WOULD ADMINISTER CHEMICAL AGENTS IF HE
      DID NOT COMPLY. I PLACED MY RIGHT HAND ON HIS RIGHT WRIST
      AND ATTEMPTED TO DIRECT IT BEHIND HIS BACK FOR HAND CUFFING.
      SEARS REPLIED, "IF YOU SPRAY ME IT'S GOING TO GET PHYSICAL"
      AND SNATCHED AWAY FROM ME WHILE CLENCHING HIS FISTS. I
      ADMINISTERED AN APPROXIMATE ONE SECOND BURST OF CHEMICAL
      AGENT TO SEARS FACIAL AREA. SEARS IMMEDIATELY CHARGED
      TOWARDS ME AND BEGAN STRIKING ME IN THE HEAD AND SHOULDER
      AREA WITH HIS FISTS. SEARS STRUCK ME ON BOTH SHOULDERS AND
      ON THE RIGHT SIDE OF MY HEAD. I WAS NOT INJURED BY THIS
      ATTACK. INMATE SEARS IS BEING CHARGED WITH 1-15 BATTERY OR
      ATTEMPTED BATTERY ON CORRECTIONAL OFFICER. SEARS IS HOUSED
      IN ADMINISTRATIVE CONFINEMENT PENDING THE DISPOSITION OF
      THIS REPORT


      REPORT WRITTEN: 03/18/10, AT 15:40     BY: PDX02 - PRINCE,DAVID
----------------------------------------------------------------
II.   INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _3_/_26/10_, AT _10_:_15_

         NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
         EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
         NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
         33-601, FLORIDA ADMINISTRATIVE CODE.

            DELIVERED BY : ASP04    - _____
----------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
----------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED

ISSO150 (01)

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT
LOG # 580-100112

03/20/2010

PAGE:   2

DC#: 083117       INMATE NAME: SEARS, TERRY E.           INFRACTION
VIOLATION CODE: 0115    TITLE: BATTERY/ATT/CO            DATE: 03/18/10
FACILITY CODE: 580      NAME: POLK C.I.                  TIME: 11:15
                        NAME:

OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

ISSO150 (01)

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT
LOG # 580-100109

03/20/2010

PAGE:   1

DC#: 083117   INMATE NAME: SEARS, TERRY E.                    INFRACTION
VIOLATION CODE: 0061          TITLE: DISOBEYING ORDER          DATE: 03/18/10
FACILITY CODE: 580            NAME: POLK C.I.                  TIME: 11:10

I.  STATEMENT OF FACTS:
    ON 3/18/2010, AT APPROXIMATELY 1110HRS, I C/O R. DEES, WHILE
    ASSIGNED AS SECURITY OFFICER/C.O. IN GULF DORM IN FRONT OF
    THE MAIN INMATE EGRESS DOOR DID ISSUE A VERBAL COMMAND TO
    INMATE SEARS, TERRY 083117 G2117L TO STOP AND LET ME PAT
    SEARCH HIM AND HE STATED "NO! I'M NOT GOING TO LET YOU!", I
    TOLD HIM TWICE MORE TO COMPLY FOR A PAT SEARCH AND EACH TIME
    HE STATED "NO! I WILL NOT!" I THEN TOLD HIM TO CUFF UP.
    INMATE SEARS STATED "AIN'T NOBODY GOING TO CUFF ME UP!",
    AGAIN I TOLD HIM TO CUFF UP AND HE REFUSED STATING "NO I
    WON'T. I'M GOING TO SEE THE CAPTAIN" AND STARTED WALKING OFF.
    I GAVE A VERBAL COMMAND FOR HIM TO STOP SEVERAL TIMES AND HE
    DID NOT COMPLY. INMATE SEARS, TERRY IS BEING CHARGED WITH
    6-1 DISOBEYING A VERBAL OR WRITTEN ORDER AND WILL REMAIN IN
    ADMINISTRATIVE CONFINEMENT PENDING THE OUTCOME OF THIS
    REPORT.

    REPORT WRITTEN: 03/18/10, AT 11:15          BY: DR000 - DEES, R.

II. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 3/24/10, AT 10:03 Am
    NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
    EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
    NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
    33-601, FLORIDA ADMINISTRATIVE CODE.

    DELIVERED BY : DS0060 - [signature]

    NOTICE TO INMATE:
    AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
    CONDUCT, YOU ARE ADVISED THE FOLLOWING:

    INVESTIGATION:
    AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
    DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
    OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
    THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
    OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
    SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
    HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
    TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

FLORIDA DEPARTMENT OF CORRECTIONS                    03/20/2010          PAGE:   2
CHARGING DISCIPLINARY REPORT
LOG # 580-100109

ISSO150 (01)

DC#: 083117   INMATE NAME: SEARS, TERRY E.                    INFRACTION
VIOLATION CODE:  0061   TITLE: DISOBEYING ORDER               DATE: 03/18/10
FACILITY CODE:  580     NAME: POLK C.I.                       TIME: 11:10

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

MAY 20 2010

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From: SEARS, TERRY   E.          B-083117          Charlotte Corr. Inst.
  Last   First   Middle initial          Number          Institution

---

Part A – Inmate Grievance   10-6-15799

"Sirs, The gravament of this complaint is Excessive Use of Physical Force and Inmate Abuse in violation of F.A.C. / F.D.O.C. and the Eighth Amendment. On March 18, 2010, at 11:25, I went to Captain, F. Dexter and complained about Officer, R. Dees' retaliation and harassment. A Sgt. D. Prince creeped up on me and sprayed chemical agents in my face, without warning.

I was slammed to the ground by Officer, S. Plough and Officer, D. Smith. My Koss headphones (S/R 100) was damaged. And these officers handcuffed me and place leg irons (shackles) on me; and commenced to physically assault me! I was punched in the back of the head and on the side of my face; Officer Plough struck me several times with the point of his elbow in my back and he grabbed me around my neck with both hands "I yelled I can't breathe but he continued to choke me..."

Officer, D. Smith kicked me in the back and yelled obscenities at me, and stood on my right leg. He punched me in the rib cage, several times, and held my face in the grass and dirt. And Captain Dexter was present with a video camera but never used it or intervene to stop the abuse! For approximately sixteen (16) minutes, these prison officials did physically assault my person... And Captain Dexter stood by and watched. When I was raised to my feet, I observed Lieutenant Hart and Colonel, V. Roberts observing from the corridors of the visiting park. But neither came to intervene. As I entered the rear door to the medical building, Sgt. D. Prince sucker-punched me in the jaw (right side). I was dazed by the blow and Officers, Plough and Smith held me to my feet... I yelled for the Colonel, and Sgt. Prince kicked me in the buttocks real hard. I was placed in the shower and Colonel Roberts and

5-12-10
DATE

Terry E. Sears #B-083117
SIGNATURE OF GRIEVANT AND D.C. #

---

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**         /

| # | Signature |

GRIEVANCE ATTACHMENT FORM                    PAGE 2 OF 2

and LIEUTENANT HART came taking pictures with a CAMERA-PHONE and trying to TALK to me.

"SIRS, I DECLARED A Psychological EMERGENCY and did THREATEN to commit suicide and was placed in isolation "NAKED" for a whole WEEK (SEVEN days!) AND NEVER SEEN the Psychiatrist!

SIR, CAPTAIN DEXTER intentionally failed to videotape this incident to CONCEAL the INMATE Abuse and Official misconduct in violation of the Use of FORCE TRAINING CURRICULUM, Chapter 33-602-210 F.A.C.".

MOREOVER, THESE prison officials Abused their Authority and discretion and resulted to USE EXCESSIVE physical force to cause harm.

SERGEANT, DAVID PRINCE continued to SPRAY CHEMICAL AGENTS on me, SADISTICALLY, AND EVEN MACED CAPTAIN DEXTER in so doing!

SIR, Supervisory Officials displayed A RECKLESS disregard for my health and safety when they intentionally failed to TRAIN and to control their subordinates, and their corrective-inaction AMOUNTS to DELIBERATE indifference to or tacit authorization of the violative practices because they knew of such misconduct and official abuse and acquiesced in their occurrence!

SUPERVISORY officials has CREATED a liberty interest and has deprived me of Procedural and substantive DUE Process and Equal Protection of the LAW, safeguarded by the Fourteenth Amendment of the U.S. Constitution'.

"I HAVE been subjected to UNNECESSARY AND WANTON infliction of pain in violation of the EIGHTH Amendment's prohibition against CRUEL and UNUSUAL PUNISHMENT..." NOT to MENTION the MENTAL anguish caused by prison officials acting UNDER the color of STATE law.

SIRS I was maliciously maced and physically assaulted, while in handcuffs. "I HAVE lingering blurred-vision AND blisters around my mouth and nose from the chemical AGENTS: I WAS PUNCHED SEVERAL times about the head side, RIB-CAGE, BACK, AND I WAS PUNCHED IN THE jaw AND KICKED IN THE buttocks, and I was stepped on and kicked in the back." Both of my knees were skinned and there's a knot of bruised-blood under my right knee as a result of this ASSAULT on my PERSON!

"THEREFORE, I AM SEEKING civil rights violations and state tort charges of aggravated Battery against those responsible for the harm caused as a matter of law. [NOTE: The weighing of the MK4 canister will attest to my assertion!] THANK you...

_5-12-10_
DATE

Terry E. Sears B-08347

MAILED/FILED Case 2:12-cv-00288-VMC-TGW   Document 1   Filed 02/09/12   Page 32 of 49 PageID 32
WITH AGENCY CLERK

JUN 23 2016

DEPT OF CORRECTIONS
BUREAU OF INMATE
GRIEVANCE APPEALS

**PART B - RESPONSE**

| SEARS, TERRY | 083117 | 10-6-15799 | CHARLOTTE C.I. | G2114L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General (10-3-1861).  A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

J. ADAMS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/11/10 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

MAY 20 2010

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From:  SEARS, TERRY   E.        B-083617        Charlotte Corr. Inst.
       Last   First   Middle Initial       Number              Institution

---

Part A · Inmate Grievance       10-6-15795

Sir, the gravament of this complaint concerns the willful filing of a falsified prison document to inflict punishment in violations of F.A.C. and F.D.O.C. rules! On March 18, 2010, Sergeant, David Prince arbitrarily sprayed chemical agents in my face, without notice, as I was talking to the Captain... I was restrained (handcuffed & shackled) and physically assaulted by prison officials after being restrained. And Sgt. Prince erroneously filed a L-15 battery or attempted battery on a correctional officer. (see: Log # 580-100112)

Sir, this is an attempt to conceal official misconduct and inmate abuse in order to inflict punishment against me because of a "buddy network system". Yes, Sergeant, D. Prince and Officer, R. Dees are "good ole boys" who attempts to intimidate black inmates ...

Moreover, Sgt. Prince has a history of similar misconduct at Polk C.I. and nothing is being done about it!

Sir, the Due Process Clause of the Fourteenth Amendment protects inmates from arbitrary state abrogations such as this! Sgt. Prince has created a liberty interest and has deprived me of procedural and substantive due process safeguarded by the Fourteenth Amendment of the U.S. Constitution. My Eighth Amendment rights are violated under the cruel and unusual punishment clause and the contemporary standards of decency clause of the U.S. Constitution. And I have been systematically placed on Close-Management one as a result of this falsified disciplinary report...

Therefore, I seek judicial resolutions to overcome the egregious abuse and mental anguish caused by corrupt prison officials acting under the color of state law.

"A written reprimand is definitely warranted against Sergeant, D. Prince."

5 · 22 · 10                           Terry E. Sears  # B-083617
DATE                        SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY
EXTENSIONS:

10a
officer Smith      # _____  Signature
officer Blank     (005-          _____
INSTRUCTIONS      5in-AC4          510

FILED
WITH AGENCY CLERK

JUN 3 2010

DEPT OF CORRECTIONS
BUREAU OF INMATE
GRIEVANCE APPEALS

**PART B - RESPONSE**

| SEARS, TERRY | 083117 | 10-6-15795 | CHARLOTTE C.I. | G2114L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General (10-3-1861). A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

J. ADAMS

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: SEARS, TERRY E          B-08317      Charlotte Corr. Inst.
      Last    First    Middle Initial        Number            Institution
                                                    1005.SIC.054

| Part A -- Inmate Grievance |
| --- |

Sir, this grievance is filed pursuant to ch 33 11.S.C11 where I did not receive a response to my Informal Grievance initiated at Polk C.I. So I am proceeding to the next level.

On March 18, 2010, Sergeant D. Prince willfully filed a falsified document against me, to wit: 1- Is Battery on a Correctional Officer (#849-100332)

Sir, Sgt. Prince sprayed maced in my face as I was explaining to Capt. F. Dexter how Officer Dees was constantly harassing me in retaliation. The gung-ho Sgt. Prince thought I was yelling at the Captain and administered chemical agents in my face...

Moreover, I was physically assaulted by Sgt. D. Prince and he is arbitrarily trying to cover-up his misconduct/abuse by filing this bogus Disciplinary Report...

Sir, my Fourteenth Amendment rights are violated because I have been denied due process and equal protection of the law.

My Eighth Amendment rights are violated under the cruel and unusual punishment clause and the contemporary standards of decency clause. I was never seen by the Institutional Inspector due to this incident of excessive use of force!

Therefore, I am seeking an investigation of this systematic cover-up as a matter of law! And that Sgt. D. Prince be suspended for thirty (30) days

DATE: 5-5-10

SIGNATURE OF GRIEVANT AND D.C. #: Terry E. Sears B-08317

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

10 h                    #  1        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the matter, entitled by Chapter 33-103 to file a direct grievance...

MAY 1 1 ?

**PART B - RESPONSE**

| SEARS, TERRY | 083117 | 1005-510-054 | CHARLOTTE C.I. | G2114L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to the investigative section of the Office of the Inspector General for appropriate action.  Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. As action has been initiated, you may consider your request for administrative remedy is APPROVED.

C. England                      E. Hummel

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 5/10/10 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

STATE OF FLORIDA
**DEPARTMENT OF CORRECTIONS**

: 1004-580-006

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: SEARS, TERRY E.    B-08.3117    Polk Corr. Inst.

Last   First   Middle Initial     Number     Institution

---

Part A – Inmate Grievance

Sir, this Appeal of the Disciplinary Team's erroneous findings of guilty for Battery on Correctional Officer where I was physically assaulted after being handcuffed is in violation of the Eighth Amendment's prohibition against Cruel and Unusual Punishment! Sir, Sgt. D. Prince has fabricated this report and other prison officials have acted in concert with him to conceal the "inmate abuse and official misconduct..." When I was talking to Captain F. Dexter, I was telling her what transpired with Officer, R. Dees... ""I went to Captain Dexter complaining about Officer Dees! And she had no reasons to order me to cuff up! And Sgt. D. Prince is in violation for his "gung-ho mentality" with the mace. [His lies will not save him, no!]

Furthermore, Captain Dexter had a video camera in her possession, "if I was so unruly why wasn't the video camera used as required in Ch. 33-602.210(4)(A)(B)(c) F.A.C.?" Sir, I was maced in the face, and immediately slammed to the ground by Officer Plough and Officer Smith... "I did not attack Sgt. Prince and hit him, period!" Besides, I was carrying my radio with Koss headset in my hands; And my Koss headset was damaged as a result of the excessive physical force administered.

Moreover, the weighing of the MKIV canister is more proof that Sgt. Prince is trying to conceal official misconduct and inmate abuse!" A one(1) second burst of the chemical agents would not have caused blisters around my nose and eyes!" (okay?

Therefore, I have been denied procedural and substantive due process and equal protection of the law in violation of the Fourteenth Amendment; and supervisory officials failed to control their subordinates and correct an egregious wrong and their corrective-inaction amounts to deliberate indifference on it's face!

I am seeking judicial ramifications to resolve this conspiratorial plot to systematically abuse inmates and violate constitutionally-protected rights while acting under the color of state law!! Officer Dees created this disturbance ...?

3-29-10
DATE

Terry E. Sears B-08.3117
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / _____

         #        Signature

**INSTRUCTIONS**

**PART B - RESPONSE**

| SEARS, TERRY | 083117 | 1004-580-006 | POLK C.I. | G3112L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

1004-580-006

Your grievance has been received, reviewed and evaluated. The following has been determined. Administrative Rule 33-602.210 (2) (a) and (f) state: "employees (of the Department of Corrections) are authorized to apply physical force only when and to the degree that it reasonably appears necessary in order to (a) defend himself or another against an inmate using unlawful force and (f) overcome an inmate's physical resistance to a lawful command". Since this incident was spontaneous, it was not videotaped. The video did begin according to procedure.

A review of your disciplinary report clearly indicates that the officers involved in the altercation acted properly and within these administrative rules in reacting to your disregard for the direct orders given to you and resorting to physical violence. Your allegations of assault were reported to the Inspector General's office and the staff involved filed appropriate use of force reports in a timely manner.

Based on this review of the incident, your Request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by completing form DC1-303, providing attachments and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

E. Rivero

|   |   | APR 0 9, 2010 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Mailed
APR 0 9 2010

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name TERRY SEARS | DC Number B-083117 | Quarters Y2122L | Job Assignment N/A | Date 3/26/10 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

Sir, this grievance concerns the willful filing of a falsified prison document by Sgt. D. Prince in violation of F.A.C. 33-208.002.

On March 18, 2010, at 11:25, Sgt. Prince unlawfully administered chemical agents in my face, without notice, as I was talking to Captain Dexter.

"I was physically assaulted after being blinded by the mace, and Officer, S. Plough and Officer, D. Smith slammed me to the ground... and began to assault me as the handcuffs were placed on me!"

Sir, at no time was I able to put my radio w/ Koss headphones down, which I was carrying... and attack Sgt. Prince! As he alleges...

Sir, Sgt. Prince is willfully falsifying a (1-1s Battery or Attempted Battery on a Correctional Officer) disciplinary report against me to punish me and cover his own misconduct and inmate abuse! Sgt. D. Prince has a history of similar inmate abuse and ~ (SEE ATTACHMENTS!)   Terry E. Sears B-083117

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

2010-065A

RECEIVED
APR 0 2 2010
ASSISTANT WARDEN

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                              DATE RECEIVED: _____

Your allegations were reported to the Inspector General's Office.

[The following pertains to informal grievances only:
Based on the above information, your grievance is ___Returned___ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____  Date: 5/3/10

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

TERRY SEARS B-CS3117                                         PAGE 2 OF 3
                                                      INFORMAL GRIEVANCE
MARCH 26, 2010

misconduct at P:K.C.I.! Furthermore, Sgt. PRINCE stated "I snatched
away from him while clenching my fists" WELL, where was my radio
(w Koss headphones, that was maliciously damaged by the excessive
use of physical force?

Sir, the weighing of Sgt. D. Prince's MKH canister will prove he is
fabricating his report... which states, "I administered an approxi-
mate one(1) second burst of chemical agent to Sears facial area."

Then, how come Captain Dexter was inadvertently maced?
Because Sgt. Prince was "scrambling around" spraying chemical
agents as I was being physically assaulted by officers: Plough
and Smith. [The video-camera was intentionally withheld to hide
misconduct.]

Sir, Sgt. D. Prince has created a liberty interest and has denied
me procedural and substantive due process', I have been discrimi-
nated against and treated differently than similarly situated
inmates in violation of the fourteenth amendment of the U.S. constitution

Wherefore, I am requesting that immediate resolutions be justly
applied to alleviate further litigation; and that Sgt. D. Prince
be reprimanded according to Ch. 33-208.002 F.A.C.!

NOTE: Sgt. Prince's attempt to punish me             Thank you!
will eventually cause his termination
as a correctional official. When he
try to explain why a videotaped recording        Jerry E. Sears
was not utilized as mandated in ALL                   B-CS3117
use of force incidents.
(see: Ch. 33-602.210 (4)(A)(B)(C) F.A.C.) —J.S.

                            2

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: SEARS, TERRY E.        P. 08347        Charlotte Corr. Inst.
Last    First    Middle Initial        Number        Institution

1005-516-053

Part A – Inmate Grievance

Sir, this grievance is filed pursuant to ch. 33-103.011 where I did not
receive a response to my informal grievance initiated at Polk C.I..
Sir, on March 18, 2010 at 11:25 AM, prison officials at Polk C.I. did
spray chemical agents in my face and used excessive physical force
on me after I was handcuffed and shackled..
Sir, I went to Captain F. Dexter complaining about Officer R. Dees re-
taliating against me when Sgt. D. Prince sprayed mace in my face without
notice or warning! I was slammed to the ground by officer S. Plough and
Officer A. Smith, and these officers commenced to punching me in the head,
back, jaw, rib cage. I was choked by Officer Plough and kicked in
the back by Officer Smith after I was handcuffed and shackled.
Sergeant D. Prince also sucker-punched me in the jaw as I was
entering the medical building; when I complained, he kicked me in
the buttocks as Officers Plough and Smith held me.
And Captain Dexter observed all this abuse and failed to intervene as
I was physically assaulted... while handcuffed! Lieutenant Hart and
Colonel J. Roberts stood by and watched from the corridors of the
visiting park. Captain F. Dexter had the video camera but intentionally
failed to use it to conceal the arbitrary misconduct.
Sir, my Eighth Amendment rights are violated under the cruel and
unusual punishment clause and the deliberate indifference clause
because these prison officials used excessive force on me in retalia-
tion, for filing grievances on staff. And supervisory officials failed
to correct an egregious wrong after learning of the violations and
their corrective-inaction amounts to deliberate indifference to of-

5-5-10        ( See Attachment )        Terry E. Sears   P. 08347
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY**
**EXTENSIONS:**

10-b        /
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103,
Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the
entitled by Chapter 33-103 to file a direct grievance

TERRY SEARS #B-093117
May 5, 2010

their authorization of the violative practice because they knew of the violations and acquiesced in its occurrence.

Thus my Fourteenth Amendment Rights are intentionally violated because I was denied Procedural and Substantive Due Process and Equal Protection of the Law.

Therefore, I am seeking administrative or judicial resolution of the arbitrary misconduct and inmate abuse as a matter of law.

NOTE:
My Kross Hearophones wins confiscated and confiscated, arbitrarily.

"Thank you"

Jerry Sears
#B-093117

2

MAY 1 1 20??

**PART B - RESPONSE**

| SEARS, TERRY | 083117 | 1005-510-053 | CHARLOTTE C.I. | G2114L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to the investigative section of the Office of the Inspector General for appropriate action.  Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. As action has been initiated, you may consider your request for administrative remedy is APPROVED.

C. England                              E. Hummel

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 5/10/10 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

TO:          ☐ Warden              ☐ Classification     ☐ Medical            ☐ Dental
(Check One)  ☑ Asst. Warden        ☐ Security           ☐ Mental Health      ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
|       | TERRY SEARS | B-08347   | V2122L   | N/A            | 3/26/10 |

**REQUEST**                                    Check here if this is an informal grievance ☑

Sir, this grievance concerns Deliberate Indifference by Captain F. Dexter in
violation of the Eighth Amendment of the U.S. Constitution.
On March 18, 2010, at 11:25, Sgt. Prince Administered chemical agents in my
face, without notice, while I was talking to the Captain. And I was assaulted
by officer Plough and officer Smith after being handcuffed and slammed on
the ground. I was punched several times in the head, back, and rib cage,
I was kicked in the back and stepped on, I was also choked... And
Captain Dexter stood by and watched this illicit physical assault to my
person. And failed to intervene. (SEE: HARRIS v. CHANCLER, 537 F.2d 203 (5th Cir. 1976);
FUNDILLER v. CITY OF COOPER CITY, 777 F.2d 1436 (11th Cir. 1985)) "I was punched in the jaw
and kicked in the buttocks by Sgt. D. Prince." And Captain Dexter never said a
word to stop these wayward prison officials inside the medical building?
Nor did she use the — (SEE: ATTACHMENT!) Terry E. Sears #B-08347

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.

2010-060 A

DO NOT WRITE BELOW THIS LINE                                    APR 02 2010

**RESPONSE**                              DATE RECEIVED: _____

You allegations were reported to
the Inspector General's Office

[The following pertains to informal grievances only:
Based on the above information, your grievance is _Denied_ (returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____          Date: 5/3/10

Original. Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

TERRY SEARS B-C93147                                          Page (3) 3
March 26, 2010                                          INFORMAL GRIEVANCE

video camera" she was carrying" that's required for all use of force incidents. (see. Ch. 33-602.210(4)(A),(B),(C) F.A.C.)

Sir, supervisory officials displayed a reckless disregard to my health and safety when they intentionally failed to control their subordinates and their corrective-inaction amounts to deliberate indifference to or tacit authorization of the violative practices because they knew of such abuse/misconduct and acquiesced in their occurrences.

Sir, I have been discriminated against and treated differently than similarly situated inmates: I have been denied procedural and substantive due process and equal protection of the law guaranteed by the fourteenth amendment of the U.S. constitution, and the privileges and immunities clause of Article IV of the Florida constitution.

Sir, I was subjected to unnecessary and wanton infliction of pain and mental anguish by prison officials acting under the color of state law... "I was maliciously and sadistically maced and physically assaulted while in handcuffs." I have lingering blurred-vision and blisters around my nose from the chemical agents; I was punched several times in the back, head, ribs; my knees are skinned and a knot of bruised-blood is under my right knee; I was punched in the jaw and kicked in the buttocks; and I was stepped on.

Sir, within twelve (12) to sixteen (16) minutes, these prison officials assaulted my person and violated constitutional rights. And Captain, F. Dexter stood by and watched. Along with Lt. Hart and Cdr, V. Roberts.

Wherefore, I am seeking immediate resolutions to alleviate further litigation as a matter of law...

Thank you!

Terry E. Sears
#B-C93147

2

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name TERRY SEARS | DC Number B-093117 | Quarters Y 2122L | Job Assignment N/A | Date 3/26/10 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

Sir, this grievance concerns the EXCESSIVE USE OF PHYSICAL FORCE on my person by SERGEANT D. Prince in violation of the Eighth Amendment's prohibition against CRUEL AND UNUSUAL Punishment.

On MARCH 18 2010, at 11:25 am, Sgt D. Prince approached Captain Dexter, Officer Plough, Officer Smith, and myself with his hands in his jacket pockets... As I spoke to the Captain, Sgt. Prince sprayed mace in my face, without notice, at point-blank range. And I was attacked by these prison officials and physically assaulted, as Captain Dexter stood by and watched... and failed to intervene.

Moreover, no video camera was used as I was being abused... And Sgt. Prince continued to spray chemical agents on me. When the Captain withheld the video camera she was carrying!

( SEE ATTACHMENT ) Terry E. Sears #B-093117

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

2010-062A

### DO NOT WRITE BELOW THIS LINE

RECEIVED
APR 0 2 2010
ASSISTANT WARDEN

## RESPONSE

DATE RECEIVED: _____

Your allegations were reported to the Inspector General's office.

The following pertains to informal grievances only:
Based on the above information, your grievance is _Returned_ (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Signature): | | Date: 5/3/10 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)

Incorporated by Reference in Rule 33-103.019, F.A.C.

TERRY SEARS B-083117

INFORMAL GRIEVANCE

March 26, 2010

FURTHERMORE, AS I WAS BEING ESCORTED TO MEDICAL FOR PRE-CONFINE-MENT, Sgt. D. PRINCE UNLOCKED THE DOOR TO MEDICAL AND TURNED TOWARDS ME, AND PUNCHED ME IN THE JAW (RIGHT SIDE) AS I ENTERED THE MEDICAL BUILDING. "I WAS DAZED BY THE BLOW AND COULDN'T UNDERSTAND WHAT HE WAS SAYING TO ME..."

NEVERTHELESS, I WAS HANDCUFFED BEHIND MY BACK AND BEING HELD BY OFFICER PLOUGH AND OFFICER SMITH. THEN SOMEONE KICKED ME IN THE BUTTOCKS, REALLY HARD! AND Sgt. PRINCE WAS THE ONLY PERSON BEHIND ME, ALONG WITH CAPTAIN DEXTER.

SUPERVISORY OFFICIALS DISPLAYED A RECKLESS DISREGARD TO MY HEALTH AND SAFETY WHEN THEY FAILED TO CONTROL THEIR SUBORDINATES; AND THEIR CORRECTIVE-INACTION AMOUNTS TO DELIBERATE INDIFFERENCE TO OR TACIT AUTHORIZATION OF THE VIOLATIVE PRACTICES BECAUSE THEY KNEW OF SUCH MISCONDUCT/ABUSE AND ACQUIESCED IN THEIR OCCURRENCES

I HAVE BEEN DENIED PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

THEREFORE, I AM SEEKING CIVIL RIGHTS AND STATE TORT CLAIMS OF ASSAULT AGAINST Sgt. D. PRINCE AS A MATTER OF LAW!

SIR, I WAS MALICIOUSLY AND SADISTICALLY MACED AND PHYSICALLY ASSAULTED WHILE IN HANDCUFFS... "I WAS SUBJECTED TO UNNECESSARY AND WANTON INFLICTION OF PAIN BY PRISON OFFICIALS ACTING UNDER THE COLOR OF STATE LAW". [I WAS PUNCHED IN THE JAW AND KICKED IN THE BUTTOCKS (WHILE HANDCUFFED); AND I HAVE LINGERING BLURRED-VISION AND BLISTERS AROUND MY NOSE AS A RESULT OF EXCESSIVE FORCE.] NOTE: THE WEIGHING OF Sgt. PRINCE'S MK4 CANISTER WOULD PROVE HIS ACTIONS/INTENTIONS WENT AFIELD.

Terry E. Sears
B-083117

1

**STATE OF FLORIDA**
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |

| FROM: | Inmate Name TERRY SEARS | DC Number B-08,3117 | Quarters Y21224 | Job Assignment N/A | Date 3/26/10 |

**REQUEST**                    Check here if this is an informal grievance ☑

Sir, this GRIEVANCE CONCERNS THE EXCESSIVE USE of physical force on my person by Officer, D. Smith in violation of the Eighth Amendment's pro-hibition against Cruel and Unusual Punishment.

On March 18, 2010, At 11:20 am, Officer, D. Smith approached Captain Dexter Officer Plough, and myself in conversation about Officer, R. Dees. Sgt. D. Prince sprayed mace in my face without notice. I was slammed to the ground, and Officer, D. Smith kicked me in the back. He then grabbed my arm and bent it behind my back as if to break it. When I was handcuffed, Officer Smith continued to punch me in the back and stood on my leg. And by Sgt. Prince continuance spraying of the mace, he decided to cease the misconduct.

Sir, Officer, D. Smith abused his authority and discretion and resulted to use excessive force in violation — (SEE: ATTACHMENTS!) Terry E. Sears # B-08347

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

2010-063A

---

**DO NOT WRITE BELOW THIS LINE**

RECEIVED
APR 02 2010
ASSISTANT WARDEN

**RESPONSE**                    DATE RECEIVED: _____

Your allegations were reported to the Inspector General's Office.

[The following pertains to informal grievances only:
Based on the above information, your grievance is ___Denied___ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____      Date: 5/3/10

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

TERRY SEARS # B-053117
MARCH 26, 2010

INFORMAL GRIEVANCE

of the "USE OF FORCE" criteria mandated by the SECRETARY AND FLORIDA Department of Corrections' Procedures Manual. Captain Dexter stood by idle and watched this illicit physical assault to my person for approximately twelve (12) to sixteen (16) minutes... "She also had a video camera in its case and NEVER RECORDED the ARBITRARY misconduct!"

Supervisory Officials displayed A RECKLESS disregard for my health and safety when they intentionally failed to train and control their subordinates, and their corrective-inaction amounts to deliberate indifference to or tacit authorization of the violative practices because they KNEW of such misconduct AND abuse AND ACQUIESCED in their OCCURRENCES!!

Supervisory Officials has created a liberty interest and has deprived me of procedural AND substantive Due Process AND Equal Protection of the Law safeguarded by the Fourteenth Amendment of the U.S. Constitution; and the Privileges AND Immunities Clause of Article IV of the Florida Constitution.

Wherefore, I am seeking civil rights claims and state tort claims of brutality against all prison officials involved with the illicit physical abuse of my person and deprivations of constitutionally-protected rights where prison officials acting under the color of state law has maliciously crossed the line." Prison Officials subjected me to unnecessary and wanton infliction of pain by resorting to excessive force.

[I was punched in the back of my head, jaw, back, and kicked in the back; and stood on... Both of my knees and elbow was scratched (skinned), a knot of bruised blood under my right knee that required medical treatment.]

1

Jerry E. Sears
# B-053117