UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Terry E. Sears, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 8:12-CV-00288-T-33TGW |
| ) | |
| Eduardo Rivero, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR REFERENCES TO THE DETAILS OF PLAINTIFF'S PRIOR CRIMINAL CONVICTIONS AND MEMORANDUM OF LAW**

COMES NOW, Plaintiff, Terry Eugene Sears ("Mr. Sears"), by and through his undersigned counsel, and respectfully moves this Court to enter an Order *in limine* barring the Defendants from eliciting or presenting evidence or argument regarding the details, number, and nature of Mr. Sears' prior felony convictions, and states:

1. This lawsuit arises from an incident at Polk Correctional Institution ("PCI") during which Mr. Sears states that the correctional officers at PCI used excessive force upon him and failed to intervene, causing damages.

2. Mr. Sears was imprisoned at PCI after being convicted of multiple felonies, including burglary, possession of cocaine, false imprisonment, aggravated battery, and armed robbery.

3. During the jury trial, Mr. Sears' testimony will be necessary to prove his claim. This is especially true because at one point in time there was evidence, in the form of a video recording, which would have supported his claims. However, that evidence was destroyed,

leaving Mr. Sears' testimony as the chief evidence in support of his claims. *See* Plaintiff's Motion to Adverse Inference Jury Instruction.

4. Evidence of Mr. Sears' prior convictions has no relevance to whether the officers used excessive force and failed to intervene on March 18, 2010.

5. Even if the Defendants wished to use the convictions for impeachments, the prejudicial effect of evidence concerning the details, number, and nature of Mr. Sears' prior convictions vastly outweighs any potential probative value.

6. It is not disputed that the Defendants are entitled to ask Mr. Sears whether he is a "felon" or has been convicted of a crime "punishable by death or imprisonment of more than one year" for impeachment purposes.

7. However, that he was convicted of a crime punishable by death or imprisonment for more than one year is the extent to which the inquiry is proper under the circumstances.

8. If Mr. Sears' convictions are admitted, the jury may likely fail to consider the facts at issue due to a preoccupation with the nature, number, and/or circumstances of the convictions that they will be unable to fairly decide whether there was an excessive use of force and failure to intervene in this specific situation.

9. The laws of the United States provide that even as a felon, Mr. Sears has constitutionally protected rights, and that among those rights is the right to be free from an excessive use of force. This right exists regardless of Mr. Sears' convictions.

10. For these reasons, the Defendants and their counsel should be prohibited from offering or eliciting evidence about (i) for what crimes Mr. Sears was convicted; (ii) the number of Mr. Sears' convictions; (iii) the circumstances or details of Mr. Sears' convictions, or (iv) the length and/or nature of his sentence (including the fact that Mr. Sears is serving a life

sentence and was subject to solitary confinement at one time or another). Defendants furthermore should be prohibited from referring to or offering or eliciting information about the victims associated with Mr. Sears' convictions.

## MEMORANDUM OF LAW

Evidence of the details, number, or circumstances of Mr. Sears' prior convictions, references to victims, or details regarding his sentences is not relevant, is unfairly prejudicial, and should not be admitted at the trial in this case. The Federal Rules of Evidence instruct that irrelevant evidence is not admissible, and evidence that does have some relevancy is only admissible if its probative value outweighs any prejudice and it will not mislead the jury or confuse the issues. Fed. R. Evid. 401 & 403. Under the Federal Rules of Evidence, evidence that Mr. Sears was convicted of a crime that was punishable by death or by imprisonment for more than one year is permitted for the purposes of impeachment if Mr. Sears testifies. Fed. R. Evid. 609. However, Rule 609 permits only the admission of evidence of the fact that Mr. Sears was convicted of a crime punishable by either "death or imprisonment for more than one year." There is nothing in the rule that requires Mr. Sears specify whether his conviction was for a crime "punishable by death" as opposed to a crime punishable by "imprisonment for more than one year" and there is nothing in the rule that requires that he be impeached with evidence of that nature.

Several Federal Circuit cases recognize the importance of excluding the prejudicial convictions. In *United States v. Burston*, the court recognized the balancing test between probative and prejudicial evidence. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998). In the instant matter, the prejudicial effect of Mr. Sears' convictions far outweighs any probative value. Other federal courts have recognized the balancing test with respect to inmates in a civil rights lawsuit. See *Chapman v. Willis,* 2014 WL 2159344, *2 (W.D. Va. May 23, 2014) (citing Burston, 159 F.3d at 1336). See also *Emery v. Harris*, 2014 WL 467081 *1 (E.D. Ca. Feb. 5 2014) (court excluded evidence of the

3

details of inmate plaintiff's past convictions, including the types of crimes for which he was convicted, in § 1983 suit complaining of excessive force). In Willis, the court excluded the felony convictions, noting that the convictions would be more prejudicial than probative. In civil rights cases, several courts have suggested that eliciting any details about the plaintiff's prior convictions would violate Rule 403. See *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994); *Daniels v. Loizzo*, 986 F. Supp 245, 252 (S.D.N.Y. 1997); *Old Chief v. United States*, 519 U.S. 172, 185 (1997). In the instant case with Mr. Sears, the details of his convictions are irrelevant and are impermissible character evidence. The danger of prejudice, here, is far greater than the probative value. For these reasons, Mr. Sears respectfully requests that this Court consider the balancing test and prohibit the Defendants from introducing or eliciting evidence related to the nature, number, or circumstances of Mr. Sears' convictions, and be limited to inquiring whether Mr. Sears has been convicted of a crime punishable by death or imprisonment of more than one year.

## CONCLUSION

For the foregoing reasons, Mr. Sears respectfully requests that this Honorable Court enter an Order *in Limine* precluding the Defendants from presenting evidence or argument concerning: (1) the nature of Mr. Sears' convictions; (2) the number of Mr. Sears' convictions; (3) details regarding his convictions; (4) the length and/or nature of his sentence; (5) any details regarding victims of the crimes; (6) and whether the crime was punishable by death or imprisonment more than one year.

### Certificate of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that she has attempted to confer in good faith with counsel for Defendants regarding the relief requested herein. Defense counsel was unavailable to confer, but Plaintiff's counsel is filing the Motion *in Limine* on this date due to the limited time before the approaching jury trial. This Honorable Court's Rulings will impact the

length of trial and trial preparation. Plaintiff's counsel intends to attempt to confer again with Defense counsel on the Motion on August 1, 2019, before the pre-trial conference.

Dated: July 31, 2019

Respectfully submitted,

*/s/ Lauren D. Kerr*_____

Mark J. Wolfson (FBN 352756)
Michael P. Matthews (FBN 63988)
Kara M. Wick (FBN 85578)
Heather A. Lee (FBN 1011026)
Lauren D. Kerr (FBN 127593)
Foley & Lardner, LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: 813.229.2300
Facsimile: 813.221.4210
mmathews@foley.com
hlee@foley.com
lkerr@foley.com
*Attorneys for the Plaintiff,*
*Terry Eugene Sears*

4845-8940-4574.1