UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Terry E. Sears,  )
        Plaintiff,  )
    )
vs.  )    Case No. 8:12-CV-00288-T-33TGW
    )
Eduardo Rivero, et al.,  )
    )
        Defendant.  )
    )

## PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT MEDICAL OPINION TESTIMONY

Plaintiff, TERRY EUGENE SEARS, by and through the undersigned counsel moves this Honorable Court to enter an Order granting Plaintiff's Motion *in Limine* to Prohibit Medical Opinion Testimony, and in support thereof states as follows:

### Factual Background

1. This lawsuit arises from an incident at Polk Correctional Institution ("PCI") during which the Defendant correctional officers at PCI used excessive force upon Mr. Sears and/or failed to intervene in the use of excessive force, violating Mr. Sears's Eighth Amendment rights and causing him damages.

2. The damages Mr. Sears suffered include physical injuries and mental anguish.

3. Mr. Sears anticipates that, during the jury trial, Defendants will attempt to testify regarding their opinions of Mr. Sears's injuries, medical condition, and treatment. Mr. Sears also anticipates that the Defendants will offer this same or similar testimony from other correctional officers, nurses employed at PCI, or other lay witnesses.

4. More specifically, Mr. Sears anticipates that the Defendants will attempt to offer or elicit improper testimony that Mr. Sears's injuries were "minor" or "minimal" in order to preclude Mr. Sears from recovery in excess of one dollar.

5. Other examples of improper medical testimony would include the necessity of treatment of the injuries, the need for future treatment, and diagnoses (including psychological injuries or treatment).

## **Argument**

1. None of the Defendants, or their witnesses, are medical experts qualified to offer expert opinions under Federal Rule of Evidence 702. In fact, the Court has prohibited expert testimony in this case. *See* ECF No. 221. Thus, Federal Rule of Evidence 701 governs any and all opinions that any witnesses, or the Defendants, may offer.

2. Federal Rule of Evidence 701 states:

> **Opinion Testimony by Lay Witnesses**
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 (Testimony by Expert Witnesses).

(Emphasis in original).

3. It is improper for the Defendants to attempt to elicit medical opinion testimony from lay witnesses, or offer such testimony themselves. Any testimony stating that the Mr. Sears's injuries were "minor" or "minimal" would be purely a speculative opinion of the witness. Such testimony would not assist the jury in understanding the witness's testimony. The extent of the Mr. Sears's injuries is a question for the jury, as is indicated by the standard verdict form.

4. More specifically, the anticipated medical opinion testimony would be improper under Federal Rule of Evidence 701.

   a. <u>Rationally based on the witness's perception:</u>

   "A lay witness's opinion is admissible if it is 'rationally based on the witness's perception' and the limitation is 'the familiar requirement of first-hand knowledge or observation.'" *U.S. v. Barnes*, 481 Fed. Appx. 505 (11th Cir. 2012). Proper lay witness testimony must be within the witness's own personal knowledge, and "must be derived from the exercise of his own senses." *Parrott v. PNC Bank, Nat. Ass'n*, 986 F. Supp. 2d 1263 (N.D. Ala. 2013). Opinions as to the perceived severity of the injuries, necessity of treatment, future treatment, and diagnoses are not based on personal observation.

   b. <u>Helpful to clearly understanding the witness's testimony or to determining a fact in issue:</u>

   The unqualified lay witness opinions will not be helpful to the jury in further understanding the witnesses' testimony. Opinions regarding injury severity, treatment, future treatment, and diagnoses do not further the jury's understanding of the witnesses' personal observations. The ordinary juror is capable of understanding an observation, for example, "I saw blood coming from his head," without needing the witness's opinion as to whether the cut was "minimal," required treatment, required future care, or what the diagnosis of the cut was.

   c. <u>Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 (Testimony by Expert Witnesses):</u>

   Medical testimony requires scientific, technical, and specialized knowledge that would fall under the purview of an expert witness. Determining the extent of the

       injury, proper treatment, future care, and a diagnosis is all specialized knowledge of a medical doctor.

5. The United States District Court for the Middle District of Florida explained the proper scope of lay witness medical opinion testimony in *Zamboni v. R.J. Reynolds Tobacco Co.* In *Zamboni*, the Plaintiff sued the Defendant for recovery of medical damages from the use of cigarettes. Defendants sought to exclude testimony about the decedent's alleged addition to cigarettes. The *Zamboni* court explained that lay witness testimony is limited to "firsthand observations – i.e., the observations themselves, as opposed to inferences *drawn from* observations." The court permitted <u>observations</u> that the decedent "woke up in the middle of the night to smoke cigarettes" and "hid the fact that he was still smoking cigarettes even after his lung surgery". <u>However</u>, the court did not permit any <u>inferences</u> drawn from these observations, such as that the decedent was addicted to or "craving" cigarettes. *Zamboni v. R.J. Reynolds Tobacco Co.*, No. 3:09-CV-11957 SAS, 2015 WL 221150, at *2 (M.D. Fla. Jan. 13, 2015).

## **Conclusion**

In the instant case, the Defendants (and all other witnesses) should be limited in testifying to their personal <u>observations</u>. Any <u>inferences</u> drawn from these observations should be excluded pursuant to Federal Rule of Evidence 701 and applicable case law. For example, an <u>observation</u> would be, "I saw a laceration on his head," whereas an <u>inference</u> from the witness observing a laceration would be, "the laceration was minimal."

WHEREFORE, Plaintiff, Terry Eugene Sears, respectfully requests that this Honorable Court enter an Order excluding any lay witness medical opinion testimony, including, but not limited to, testimony as to whether the injuries were "minor" or "minimal," whether the injuries

4

required treatment, whether the Plaintiff will require future care, and any diagnoses (including psychological).

>Respectfully submitted,
>
>*/s/ Lauren D. Kerr* .
>
>Mark J. Wolfson (FBN 352756)
>Michael P. Matthews (FBN 63988)
>Kara M. Wick (FBN 85578)
>Heather A. Lee (FBN 1011026)
>Lauren D. Kerr (FBN 127593)
>Foley & Lardner LLP
>100 North Tampa Street, Suite 2700
>Tampa, FL 33602
>Telephone: 813.229.2300
>Facsimile: 813.221.4210
>mwolfson@foley.com
>mmathews@foley.com
>kwick@foley.com
>hlee@foley.com
>lkerr@foley.com
>*Attorneys for the Plaintiff,*
>*Terry Eugene Sears*

4815-6864-3743.2

**Certificate of Compliance with Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), the undersigned certifies that she has conferred in good faith with the Defendants regarding the relief requested herein. The Defendants oppose this Motion.

*/s/ Lauren D. Kerr*
Attorney

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on August 7, 2019, a true and correct copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

Dated: August 7, 2019

*/s/ Lauren D. Kerr*
Attorney

4815-6864-3743.2