UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY E. SEARS,

     Plaintiff,

v.                                                            CASE NO. 8:12-cv-288-T-33TGW

EDUARDO RIVERO, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Defendants'

Motion for Taxation of Costs of $1,169.86 (Doc. 277). The plaintiff opposes

the motion (Doc. 280). The motion was referred to me for a report and

recommendation.

The defendants are entitled to reimbursement of their costs

pursuant to Rule 54(d)(1), Fed.R.Civ.P. However, in consideration of the

plaintiff's limited financial resources, I recommend a 50% reduction of the

requested amount, which is $584.93.

I.

The plaintiff is serving a life sentence in prison. He filed a

lawsuit against the defendants alleging, inter alia, that the prison officers

used excessive force against him, in violation of 42 U.S.C. 1983 (Doc. 1). The defendants prevailed against the plaintiff's claims after a four-day jury trial (see Doc. 266).[1]  Accordingly, judgment was entered in favor of the defendants (Doc. 272).

The defendants then filed this Motion for Taxation of Costs (Doc. 277).  The plaintiff, with the assistance of counsel, filed an opposition memorandum (Doc. 280).  After the matter was referred to me for a report and recommendation, I ordered the defendants to reply to the issues raised in the plaintiff's opposition (Docs. 287, 290).  Additionally, the plaintiff was ordered to submit evidence of his indigency, which he alleged precluded him from satisfying a costs judgment (Doc. 298).  The plaintiff, proceeding *pro se*, filed a response (Doc. 301).

In the meantime, the plaintiff filed a notice of appeal of the judgment in this case (Doc. 284). It is pending before the Eleventh Circuit Court of Appeals.

II.

The defendants seek reimbursement of their costs pursuant to

---

[1] The law firm of Foley & Lardner, LLP agreed to represent the plaintiff at trial *pro bono* (Docs. 188-90, 201, 202).  Therefore, the plaintiff did have the benefit of counsel representing him at trial. I subsequently permitted counsel to withdraw from the case (Doc. 299).

2

Rule 54(d)(1), F.R.Civ.P. and Local Rule 4.18, which provides that, absent a statute or court order, a prevailing party is entitled to recover costs. The purpose of Rule 54(d)(1) is "to provide at least partial indemnification of the expenses incurred in establishing the...defense." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 at p. 205 (4th ed. 2014); see also Baez v. United States Dep't of Justice, 684 F.2d 999, 1003 (D.C. Cir. 1982). There is a "strong presumption" that the prevailing party will be awarded costs. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).

The prevailing party is the party in whose favor judgment is entered. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Resources, 532 U.S. 598, 603 (2001). The defendants are clearly the prevailing parties in this case and, accordingly, they are entitled to an award of their taxable costs pursuant to Rule 54(d)(1), Fed. R. Civ. P.

Generally, costs are limited to the items set forth in 28 U.S.C. 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The statute provides that a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendants seek reimbursement of $1,169.86 in taxable costs, comprising $1,096.66 in witness fees and $73.20 for photocopying (Docs. 277-1, 290-1).  These categories of costs are compensable.  See 28 U.S.C. 1920(3)(4).

Furthermore, the defendants presented evidence of these costs. Specifically, they submitted receipts for attendance fees and the travel expenses of witnesses Denise Cooper, Samuel Pacchioli and Scott Vorhees (Doc. 290-1, pp. 4-11).[2] See 28 U.S.C. 1821 (reasonable witness travel costs and lodging are taxable).  Additionally, there is an itemized list of the photocopies for which they seek reimbursement (id., pp. 2-3).  The photocopies were from the case docket and were clearly necessarily obtained

---

[2] Page numbers refer to the pagination assigned by the CM/ECF docketing system.

for use in the case. Moreover, the defendants submitted the declaration of Michael Gonzalez, a paralegal specialist with the Office of the Attorney General, in which he avers that the requested costs are true and correct (id., p. 1).

The plaintiff opposes the award of costs on several grounds (Docs. 280, 301). Significantly, the court's discretion in considering a motion to tax costs is limited. Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Typically, a "denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977) (internal marks and citation omitted).

The plaintiff first "objects [to the bill of costs]...on the grounds that there is no proof the Defendants actually paid these expenses" (Doc. 280, p. 1). The Florida Attorney General's Office incurred these costs on behalf of the defendants (see Doc. 290-1). The plaintiff argues that, because the defendants were not represented by "a private attorney who would be billing them for costs incurred," they "are not entitled to any recovery" (Doc. 280, p. 2). This contention is frivolous.

As the defendants state in their reply (Doc. 290, p. 1), the plaintiff does not cite any legal authority supporting this contention.

5

Therefore, the argument is properly deemed abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed...is deemed abandoned and its merits will not be addressed."); Local Rule 3.01(b), M.D. Fla. (the opposing party is to include a memorandum of legal authority in its response).

Furthermore, there is legal authority contrary to the plaintiff's argument; i.e., cases in which the court awarded costs to prevailing defendants who were represented by state agencies. See, e.g., Singleton v. Smith, 241 F.3d 534 (6th Cir. 2001); McGill v. Faulkner, 18 F.3d 456, 457 (7th Cir. 1994). Moreover, Florida residents ultimately paid these costs on behalf of the defendants, and there is no reason why they are not entitled to reimbursement of those costs as any other individual. Cf. United States v. Mitchell, 580 F.2d 789, 793 (5th Cir. 1978) ("The United States may, absent a statute, recover costs to the same extent as a private party."). Therefore, this argument is meritless.

The plaintiff also objects to the witness fees for Denise Cooper and Scott Voorhees as "unreasonable and duplicative" because the plaintiff paid each of them $80.00 in witness fees (Doc. 280, pp. 2-3).[3] The

---

[3]The plaintiff does not assert that he paid Cooper's attendance fee for the third day of trial or any travel expenses incurred by the witnesses.

defendants argue that they are entitled to recoup the witness fees because they were not required to assume that the plaintiff would subpoena their witnesses (and pay their witness fees). In all events, to the extent that there is any unnecessary duplication in the payment of the daily witness fees, the proposed reduction of the cost award clearly accounts for it.

The plaintiff argues further that the witness fees and photocopying lack evidentiary support (id., p. 3). The defendants submitted with their reply additional evidence regarding these costs which rectifies any deficiency. Specifically, they provided copies of the "Witness or Filing Fee Check Request[s]," and Samuel Pacchiolo's Voucher for Reimbursement of Travel Expenses totaling $665.32 (Doc. 290-1, pp. 4-11).[4] Additionally, the defendants included in their reply a "Taxable Copies Cost" list which itemizes the photocopies, all of which were from the court docket, and copied at the reasonable cost of 15 cents per page (see id., pp. 2-3).

Finally, the plaintiff argues that no costs should be imposed because he "is incarcerated for the remainder of his life" (Doc. 280, p. 4) and is "without an income or a means of payment for the costs" (Doc. 301, p. 2).

---

[4] The plaintiff also quibbles that the defendants should not be reimbursed for two nights of Pacchioli's hotel because he testified only one day (Doc. 280, p. 3). However, the travel voucher explains that Pacchioli's stay was extended because the defendants were unable to call him as a witness the first day (Doc. 290-1, p. 6). Therefore, this objection is meritless.

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). In this regard, the Eleventh Circuit elaborated (id. at 1039):

> Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all. *Cf. Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917* (11th Cir.1982) ("we hold that in no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition," because "[a] fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence."). Subject to that restriction and to the requirement that there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered, we leave it to the district court's discretion whether to do so in a particular case.

Costs, in particular, "may be awarded to a prevailing defendant in a civil rights action even though the suit was brought by an indigent prisoner because of the need to discourage frivolous claims and treat all litigants alike." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 at pp. 214-217 (4th ed. 2014). As succinctly stated in McGill v. Faulkner, supra, 18 F.3d at 460 (7th Cir. 1994):

8

> Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners...learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits.

In sum, the court is not required to consider the non-prevailing party's financial situation and, if it does, an award of costs should not be denied altogether because the plaintiff is indigent. It is unclear, however, regarding the precise limits imposed by an inability to pay.

In this circumstance, it is appropriate to consider the plaintiff's financial ability to pay a costs judgment because he is serving a lifetime sentence in prison and has no income from a job. The court ordered the plaintiff to "file...an affidavit attesting to his financial ability to pay, including a certified copy of his prisoner trust fund account statement for the previous six months" (Doc. 298, p. 2). The plaintiff, in response, submitted a declaration that "he is indigent and does not have a source of income," and included a copy of his inmate trust fund account statement for the time period February 27, 2019 to August 26, 2019 (Doc. 301, p. 2). Notably, the trust fund account documentation is not current.[5]

---

[5] The Inmate Trust Account statement is dated September 27, 2019 (Doc. 301-1, p. 1), more than one month before the court ordered the plaintiff to submit this documentation (see Doc. 298).

9

The trust account statement submitted by the plaintiff indicated a then-current balance of zero; a COP balance of $419.34; and deposits totaling $1,250.00, which he primarily spent on canteen sales (Doc. 301-1). The deposit of $1,250.00 during a six-month period is not such an insubstantial sum as to preclude any meaningful award of costs. Notably, the plaintiff is pursuing an appeal of the judgment in this case notwithstanding the $505.00 filing fee he must pay (see Doc. 295). Furthermore, it is unknown if the plaintiff has an interest in any property of value. Therefore, the plaintiff's extreme position that no costs should be imposed is unpersuasive.

On the other hand, it appears unreasonable to impose the full amount of costs. Thus, the plaintiff is serving a life prison sentence, and deposits into his inmate trust account from others appear to be his sole source of funds. In order to account for the plaintiff's limited financial resources, I recommend that the costs award be reduced by 50%, which is $584.93. This is comparable to the appellate filing fee that the defendant is paying despite his limited financial resources. It is also a substantial sum to serve the compensatory and deterrent functions of Rule 54(d)(1), F.R.Civ.P.

For the foregoing reasons, I recommend that the Defendants' Motion for Taxation of Costs (Doc. 277) be **GRANTED to the extent** that

the plaintiff be assessed, pursuant to Rule 54(d)(1), F.R.Civ.P., $584.93 in costs, and that judgment be entered accordingly.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER *11*, 2019

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. 636(b)(1)(C).  Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

11